J-S18013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANDRE CHIN :
:
Appellant : No. 880 EDA 2020

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007662-2019

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

CONCURRING STATEMENT BY McCAFFERY, J.: **FILED JULY 13, 2021**

I join the Majority's analysis and agree that affirmance is proper
pursuant to **Commonwealth v. Lopez**, 248 A.3d 589 (Pa. Super. 2021) (*en
banc*).

I write separately to emphasize Appellant's sole sentence, the $25 fine,
was the result of a plea negotiation, accepted by Appellant. The
Commonwealth initially charged Appellant with possession of a small amount
of marijuana,[1] a misdemeanor. Information, 2/20/20. However, as defense
counsel explained at the plea hearing, the Commonwealth agreed to amend
the charge to the summary offense of careless driving[2] in exchange for the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(31).

[2] 75 Pa.C.S. § 3714(a).

associated penalty.  N.T., 2/21/20, at 5.  Appellant received the benefit of a lesser graded charge and acknowledged that if he had chosen not to accept the plea offer, the Commonwealth could have proceeded on the higher graded offense.  *Id.*  Furthermore, Appellant affirmed that no one had forced, threatened, or coerced him into entering the plea.  N.T. at 5.

"We have recognized the importance of the plea bargaining process as a significant part of the criminal justice system." ***Commonwealth v. Byrne***, 833 A.2d 729, 735 (Pa. Super. 2003).  If we allow a defendant to avoid a "specific term negotiated as part of [a plea agreement,] it 'would undermine the designs and goals of plea bargaining,' and 'would make a sham of the negotiated plea process.'" *Id.* (citations omitted).

I find further support for affirming the judgment of sentence in these principles.  Additionally, Appellant's acceptance of the $25 fine — ultimately imposed by the trial court — served to waive any appellate claim that he was unable to afford to pay the fine.[3]

---

[3] Additionally, I note defense counsel's acknowledgment, at the plea hearing, that a careless driving conviction "carries with it" a $25 fine.  N.T. at 4.  The Motor Vehicle Code imposes a mandatory $25 fine for a summary offense violation.  75 Pa.C.S. § 6502(a) ("Every person convicted of a summary offense for a violation of any of the provisions of this title for which another penalty is not provided **shall be sentenced to pay a fine of $25**.").  Appellant's brief, however, does not address the implications of this sentencing provision on his claim.